UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:22-cv-00070-MR

| | | |
|---|---|---|
| CHRISTOPHER ANTHONY JUDD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| QUENTIN MILLER, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on review of the file in this matter and on Plaintiff's Complaint [Doc. 1].

On April 1, 2022, Plaintiff filed a Complaint in this matter under 42 U.S.C. § 1983 and an application to proceed in forma pauperis (IFP).[1] [Docs. 1, 2]. In Plaintiff's IFP application, Plaintiff attested that he cannot pay the cost of these proceedings because he is "in custody/no wages." [Doc. 2 at 5]. On April 6, 2022, the Clerk entered an Order for a certified copy of Plaintiff's most recent trust fund account statement for the six (6) month period immediately preceding the filing of the Complaint in accordance with

---

[1] Plaintiff purports to pursue his Complaint as a class action and names other detainees as Plaintiffs in this action. [See Doc. 1 at 3]. The Court will address these other Plaintiffs should it conduct initial review of Plaintiff's Complaint.

28 U.S.C. § 1915. [Doc. 4]. On May 16, 2022, the Clerk received Plaintiff's trust fund account statement from an attorney for Buncombe County. [Doc. 11]. The attorney advised the Court that Plaintiff was released from custody on May 4, 2022. [Id. at 1]. As of the date of this Order, the Buncombe County Sheriff's Office website does not currently show that Plaintiff is detained there and the NCDPS Inmate Locator website shows that Plaintiff is in "inactive" status." Thus, the Court must conclude that Plaintiff has been released from custody and has failed to notify the Court of his new address.

Given that Plaintiff is no longer incarcerated and may no longer be eligible for IFP status, the Court will order the Plaintiff to either pay the filing fee or to file an Amended Application. Should the Plaintiff choose to file an Amended Application, he should use and complete in full the Application to Proceed in District Court without Prepaying Fees or Costs (Long Form) (AO 239), which is available through the Court's website, http://www.ncwd.uscourts.gov.

Moreover, plaintiffs have a general duty to prosecute their cases. In this regard, a pro se plaintiff must keep the Court apprised of his current address. See Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988) ("A party, not the district court, bears the burden of keeping the court apprised of any changes in his mailing address."). Where a pro se plaintiff has failed to notify

2

Case 1:22-cv-00070-MR   Document 13   Filed 05/23/22   Page 2 of 3

the Court of his change of address, the action is subject to dismissal without prejudice for failure to prosecute.  Accord Walker v. Moak, Civil Action No. 07-7738, 2008 WL 4722386 (E.D. La. Oct. 22, 2008) (dismissing without prejudice a § 1983 action for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure where the plaintiff did not notify the court of his new address upon his release from jail).  Before dismissing this action for failure to prosecute, the Court will give Plaintiff twenty-one (21) days in which to notify the Court of his updated address.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff shall, within twenty-one (21) days of this Order, either pay the fee to file his Complaint or file an Amended Application, using AO Form 239.  Plaintiff's failure to pay the fee or to file an Amended Application within the time required will result in the dismissal of this action without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff has twenty-one (21) days from this Order to notify the Court of his new address.  Plaintiff's failure to timely notify the Court of his new address will result of dismissal of this action without prejudice and without further notice to Plaintiff.

**IT IS SO ORDERED**.

Signed: May 21, 2022

Martin Reidinger
Chief United States District Judge