UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:22-cv-00070-MR

| CHRISTOPHER ANTHONY JUDD, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| QUENTIN MILLER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on its own motion on Plaintiff's failure to respond to the Court's Order for Plaintiff to notify the Court of his new address and to either pay the filing fee or submit an Amended Application to Proceed in Forma Pauperis. [Doc. 13].

On April 1, 2022, Plaintiff filed a Complaint in this matter under 42 U.S.C. § 1983 and an application to proceed in forma pauperis (IFP).[1] [Docs. 1, 2]. In Plaintiff's IFP application, Plaintiff attested that he cannot pay the cost of these proceedings because he is "in custody/no wages." [Doc. 2 at 5]. On April 6, 2022, the Clerk entered an Order for a certified copy of

---

[1] Plaintiff purports to pursue his Complaint as a class action and names other detainees as Plaintiffs in this action. [See Doc. 1 at 3]. The Court will address these other Plaintiffs should it conduct initial review of Plaintiff's Complaint.

Plaintiff's most recent trust fund account statement for the six (6) month period immediately preceding the filing of the Complaint in accordance with 28 U.S.C. § 1915. [Doc. 4]. On May 16, 2022, the Clerk received Plaintiff's trust fund account statement from an attorney for Buncombe County. [Doc. 11]. The attorney advised the Court that Plaintiff was released from custody on May 4, 2022. [Id. at 1]. The Court's own research also suggested that Plaintiff was released from custody. [See Doc. 13]. The Court concluded that Plaintiff may no longer be eligible for IFP status and ordered that Plaintiff had twenty-one days (21) to notify the court of his new address and to file an amended application to proceed in forma pauperis. [Id.]. The deadline to comply with the Court's Order has expired and Plaintiff has not complied in any respect. The Court will, therefore, dismiss this action without prejudice for Plaintiff's failure to prosecute.

**IT IS, THEREFORE, ORDERED** that this action is **DISMISSED** without prejudice for Plaintiff's failure to prosecute.

**IT IS SO ORDERED**.

Signed: June 24, 2022

Martin Reidinger
Chief United States District Judge

2

Case 1:22-cv-00070-MR   Document 16   Filed 06/24/22   Page 2 of 2